UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN BENNERMAN,

        Petitioner,

v.

        CASE NO. 2:06-CV-15463
        HONORABLE ARTHUR J. TARNOW
        UNITED STATES DISTRICT JUDGE

CAROL HOWES,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION TO DISMISS AND COMPELLING ANSWER ADDRESSING PETITION'S MERITS

This matter is before the Court on respondent's motion to dismiss on the ground that petitioner's application for writ of habeas corpus is barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1). Petitioner has filed a reply and a supplemental reply to the motion to dismiss, in which he claims that the statute of limitations should be equitably tolled because he had to rely on another prisoner to assist him with his petition, due to the fact that petitioner is nearly blind, lacks a high school diploma, and suffers from various mental problems which require him to take various medications. Petitioner further claims that this inmate was dilatory in preparing his habeas petition. Petitioner further notes that he placed his habeas petition in the prison mail on December 4, 2006, only seven days after the limitations period expired on November 27, 2006. Having reviewed the pleadings and the issues raised by petitioner in his habeas application and in response to the motion to dismiss, the Court will deny the motion to dismiss and will order that an answer addressing the merits of the petition be filed in this matter within thirty days of the Court's order.

A habeas petitioner challenging the legality of his or her state custody is entitled to a reasonably prompt disposition of his or her habeas petition. *Ukawabutu v. Morton*,

1

997 F. Supp. 605, 610 (D.N.J. 1998). Respondent in this case simply filed a motion to dismiss without addressing the merits of petitioner's claims. An answer to a habeas petition is not like an answer to a civil complaint. It should respond to the allegations of the habeas petition. *Id.* at 608-09; *See also See Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996)(a motion to dismiss is generally not the appropriate pleading in response to a petition for writ of habeas corpus; an appropriate response is an answer which responds to each allegation contained in a habeas petition). Therefore, unless a federal court grants a respondent leave to file a motion for summary judgment or a motion to dismiss, an answer to a habeas petition should respond in an appropriate manner to the factual allegations contained in the petition and should set forth legal arguments in support of respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits. *Ukawabutu,* 997 F. Supp. at 609. The practice of filing these "piecemeal" motions is inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts, with 28 U.S.C. § 2254(b)(2), which gives district courts the discretion to consider and deny unexhausted claims on their merits, and with fundamental principles of efficient case management. *Id.* at 607.

In the present case, petitioner contends that the limitations period should be equitably tolled due to the fact that he had to rely on a fellow prisoner to assist him with his legal pleadings, due to the fact that petitioner is nearly blind, suffers from numerous psychological problems, and has no high school diploma. Petitioner claims that this prisoner informed him that he was working on his habeas petition and that it would be timely filed. When this prisoner failed to prepare the petition in a timely manner, petitioner filed a grievance with the Michigan Department of Corrections. As it is, the

2

petition for writ of habeas corpus was submitted only one week after the one year limitations period had expired.

Although the Supreme Court has not yet decided whether equitable tolling of the AEDPA's one-year limitations period applies to otherwise untimely claims, *Lawrence v. Florida,* 127 S. Ct. 1079, 1085 (2007), the Sixth Circuit has held that equitable tolling of the one-year limitations period may be appropriate in certain extraordinary circumstances. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence*, 127 S. Ct. at 1085. In the present case, petitioner's various pleadings raise a genuine issue of material fact as to whether the one year limitations period should be equitably tolled in this case.

In addition, although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999)(internal citations omitted). In the present case, because of the complexities involved, it appears to be simply easier and more judicially efficient to adjudicate petitioner's claims on the merits "than to untangle the complexities of the timeliness issue." *See Jones v. Bowersox,* 28 Fed. Appx. 610, 611 (8th Cir. 2002). Accordingly, the Court believes that the ends of justice would be better served by ordering an answer that addresses the merits of petitioner's claims.

The Court will therefore deny the motion to dismiss and order the respondent to file an answer that responds to the merits of petitioner's habeas claims within thirty days

of the Court's order. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001); 28 U.S.C. § 2243.

## ORDER

Accordingly, the Court **ORDERS** that the motion to dismiss [Dkt. # 8] is **DENIED.**

The Court further **ORDERS** Respondent to submit an answer addressing the merits of Petitioner's habeas claims within **THIRTY DAYS** of the date of this order.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: March 13, 2008


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 13, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary