UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN BENNERMAN,

        Petitioner,

                                    CASE NO. 2:06-CV-15463
v.                                 HONORABLE ARTHUR J. TARNOW

CAROL HOWES,

        Respondent.
_____/

**OPINION AND ORDER
(1) DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT,
(2) GRANTING MOTION TO WITHDRAW AS COUNSEL,
(3) DENYING PETITIONER'S MOTION FOR STAY AND
(4) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Melvin Bennerman filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his guilty-plea conviction for second-degree murder. The court dismissed the petition and granted a certificate of appealability. *See* Dkt. No. 49 (3/9/10 Order). Now before the Court are several motions, which the Court has reviewed. For the reasons that follow, the court construes Petitioner's Motion for Relief from Judgment (Dkt. No. 51) as a second or successive petition for habeas relief and will **TRANSFER** the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A), the Court will **GRANT** the Motion to Withdraw as Counsel (Dkt. No. 52), **GRANT** the Application to Proceed in forma pauperis on Appeal (Dkt. No. 55) and **DENY** Petitioner's Motion for Stay (Dkt. No. 56).

## I. Motion for Relief From Judgment

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir.1998). A federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals regardless of how meritorious the claim appears to be. *Id.* at 971; *See also In Re Sims*, 111 F.3d 45, 47 (6th Cir.1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b) on the grounds that trial counsel rendered constitutionally ineffective assistance by failing to investigate and uncover evidence that would have supported an insanity or diminished capacity defense. In *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005), the Supreme Court explained that a Rule 60(b) motion is distinguished from a second or successive petition under 28 U.S.C. § 2244(b) by the fact that the latter contains one or more "claims." A Rule 60(b) motion does not. *Id.* at 530-31. For purposes of § 2244(b), a "claim" is "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* at 531. By contrast, a Rule 60(b) motion attacks "some defect in the integrity of the federal

habeas proceedings."[1]  *Id.* at 532.  A habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition ."  *Id.* at 534.

Petitioner's motion reasserts the substance of Petitioner's ineffective assistance of counsel claim in his habeas petition and constitutes an impermissible attack on this court's previous resolution of the claim on the merits.  This is not a proper ground for a Rule 60(b) motion.  *See Henderson v. Collins*, 184 Fed. App'x 518, 523 (6th Cir. 2006).  Petitioner's Rule 60(b) motion is a merits-based attack on the prior dismissal of his habeas petition.

Because Petitioner's Rule 60(b) motion qualifies as a second or successive habeas petition, Petitioner is required to obtain authorization from the Sixth Circuit before he can file a new habeas petition.  Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

### II. Motion to Withdraw as Counsel and Petitioner's Motion for Stay

On March 30, 2010, habeas counsel filed a motion to withdraw, citing Petitioner's allegations in the affidavit attached to his Rule 60(b) motion of attorney incompetence and a breakdown in the attorney-client relationship.  On April 9, 2010, Petitioner filed a

---

[1] The Court appointed the Federal Defenders Office to represent Petitioner in a November 13, 2009 evidentiary hearing regarding Petitioner's claim that he was denied the effective assistance of counsel for trial counsel's alleged failure to investigate an insanity defense before advising Petitioner to plead guilty.  Petitioner appears to argue that his habeas counsel was constitutionally ineffective during this representation.  "The ineffectiveness or incompetence of counsel during Federal . . . collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).  To the extent Petitioner's Motion can be construed as raising such a claim, it is denied pursuant to 28 U.S.C. § 2254(i).

3

Motion to Stay which requests a stay of the deadline by which he must file a Notice of Appeal until after the resolution of his Rule 60(b) motion.  In his Motion to Stay, Petitioner indicated that he does not oppose habeas counsel's motion to withdraw ("counsel should be allowed to withdraw").  Mot. (Dkt. No. 56), p. 3.

Based upon the representations of counsel and because Petitioner does not opposed the motion, the Court is persuaded that the attorney-client relationship is irretrievably broken and will grant counsel's motion to withdraw.  Because counsel's appointment was for the limited purpose of assisting Petitioner at the evidentiary hearing which has concluded, the Court declines to appoint new counsel.

Petitioner expresses a concern for preserving his appellate rights in his Motion for Stay.  Petitioner however filed a timely Notice of Appeal which was served upon the United States Court of Appeals for the Sixth Circuit on April 12, 2010.  The Sixth Circuit has docketed the appeal and is holding the appeal in abeyance until this Court rules on Petitioner's 60(b) motion.  There is no need to stay the district court proceedings.

### III.  Application for In Forma Pauperis Status on Appeal

Petitioner has filed an application for proceed in forma pauperis on appeal (Dkt. No. 55).   Petitioner may proceed in forma pauperis on appeal without further authorization because he was granted in forma pauperis status in the District Court. Fed. R. App. P. 24(a)(3).

## IV. Conclusion

Accordingly, for the reasons stated above, **IT IS ORDERED** that the Clerk of the Court shall **TRANSFER** this case to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir.1997).

**IT IS FURTHER ORDERED** that the Motion to Withdraw as Counsel is **GRANTED**, Petitioner's Application to Proceed In Forma Pauperis on Appeal is **GRANTED**, and Petitioner's Motion to Stay is **DENIED**.


                      S/Arthur J. Tarnow
                      Arthur J. Tarnow
                      United States District Judge

Dated: April 19, 2010


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 19, 2010, by electronic and/or ordinary mail.

                      S/Catherine A. Pickles
                      Judicial Secretary