UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN BENNERMAN,

        Petitioner,

v.

CASE NO. 2:06-CV-15463
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

CAROL HOWES,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR A RULE 60(D)(1)(3) INDEPENDENT ACTION AND DENYING THE MOTION FOR SANCTIONS**

Melvin Bennerman, ("petitioner"), presently confined at the Coldwater Correctional Facility in Lakeland, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder. The Court denied the petition.

Petitioner has filed a motion for a Rule 60(d)(1) and (3) independent action and a motion for sanctions. For the reasons that follow, the motions are DENIED.

### I. Background

Petitioner was originally charged with first-degree murder but pleaded guilty to a reduced charge of second-degree murder and was sentenced to forty to sixty years in prison.

1

*Bennerman v. Howes,* No. 2:06-cv-15463

Following the exhaustion of his state court remedies, petitioner filed a petition for writ of habeas corpus, in which he claimed that his guilty plea was involuntary and that he was denied the effective assistance of counsel. The Court appointed counsel to represent petitioner and an evidentiary hearing was conducted on one of his ineffective assistance of counsel claims.

After taking testimony at the evidentiary hearing and reviewing the numerous pleadings filed by both petitioner, his counsel, and respondent, the Court denied the petition for writ of habeas corpus but granted petitioner a certificate of appealability. *Bennerman v. Howes*, No. 2:06-CV-15463, 2010 WL 864485 (E.D. Mich. Mar. 9, 2010).

The Court subsequently denied petitioner's Rule 60(b) motion for relief from judgment and his motion to stay the proceedings, but granted counsel's motion to withdraw. *Bennerman v. Howes*, No. 2:06-CV-15463, 2010 WL 1608677 (E.D. Mich. Apr. 19, 2010).

The United States Court of Appeals for the Sixth Circuit affirmed the denial of petitioner's petition. *Bennerman v. Howes*, No. 10-1489 (6th Cir. June 30, 2011).

Petitioner has filed a motion for an independent action for relief from judgment pursuant to Fed. R. Civ. P 60(d)(1) and (3) and a motion for sanctions.

*Bennerman v. Howes,* No. 2:06-cv-15463

## II. Discussion

**A. The motion for an independent action under Fed. R. Civ. P. 60(d) is denied.**

Petitioner claims in his motion for an independent action that Assistant Attorney General Andrew Shirvell and Sheila Love, the court reporter from the Wayne County Circuit Court, committed a fraud upon the court by either failing to provide complete and accurate transcripts from some of petitioner's state court hearings or failed to provide mental health records that were relevant to petitioner's claim that he was not competent to plead guilty and/or that counsel was ineffective for failing to seek an additional competency evaluation. Petitioner also claims that his trial counsel Luther Glenn committed a fraud upon the court by testifying falsely at the evidentiary hearing.

"The 'indisputable elements' of an independent action for relief from judgment are: (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and the absence of any adequate remedy at law." *Mitchell v. Rees,* 651 F. 3d 593, 595 (6th Cir. 2011). More importantly, an independent action pursuant to Fed. R. Civ. P. 60 is

*Bennerman v. Howes,* No. 2:06-cv-15463

"available only to prevent a grave miscarriage of justice." *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)).  In the context of a habeas or habeas type case, in order to establish that relief is required to prevent a grave miscarriage of justice, so as to maintain an independent action pursuant to Fed. Rule Civ. P. 60, a habeas petitioner must make a strong showing of his or her actual innocence. *Id,* at pp. 595-96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Petitioner is not entitled to maintain an independent action for relief from judgment pursuant to Fed. R. Civ. P 60(d) for several reasons.

First, petitioner is not entitled to bring an independent action under Rule 60(d) because he previously had several opportunities to bring these allegations to the attention of this Court and the Sixth Circuit. *See Mitchell,* 651 F. 3d at 598-99.  Petitioner filed several briefs on his own behalf, his counsel filed several additional pleadings on his behalf, an evidentiary hearing was conducted, petitioner filed a motion for relief from judgment, and petitioner was able to appeal the denial of his petition to the Sixth Circuit.  In light of these prior opportunities to raise any claim that there were missing or altered records or documents, or that his trial counsel committed perjury at the hearing, petitioner cannot now maintain an independent action with which to raise these allegations. *Id.*

4

*Bennerman v. Howes,* No. 2:06-cv-15463

Secondly, petitioner has failed to show that a fraud was been committed upon the court.

The elements of fraud upon the court consists of conduct:

1. on the part of an officer of the court;
2. that is directed to the "judicial machinery" itself;
3. that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;
4. that is a positive averment or is concealment when one is under a duty to disclose; and,
5. that deceives the court.

*Demjanjuk v. Petrovsky,* 10 F. 3d 338, 348 (6th Cir. 1993).

Petitioner's "fraud on the court" claim is without merit for two reasons.

The first problem with petitioner's "fraud on the court" argument is that other than his conclusory assertions, petitioner has presented no evidence to this Court that the attorneys representing the State of Michigan carried out a deliberate or reckless fraud on the federal district court, so as to entitle him to relief from judgment pursuant to Rule 60(b)(3) based upon a fraud committed upon this Court. *See Alley v. Bell,* 392 F. 2d 822, 831 (6th Cir. 2004).  Although petitioner claims that the Assistant Attorney General failed to turn over to this Court accurate transcripts or all of petitioner's mental health records, it appears that all of the transcripts in this case were filed.  It also appears that the mental health records were either provided to the Court or were reviewed by Dr. Steven Miller, who performed a mental health evaluation on petitioner subsequent to the

5

*Bennerman v. Howes,* No. 2:06-cv-15463

evidentiary hearing and concluded that although petitioner was not insane, he was probably mentally incompetent to stand trial or plead guilty. This Court reviewed other forensic reports prepared by Dr. Dexter Fields and Dr. Angela May of the Third Circuit Court Psychiatric Clinic regarding the issues of petitioner's competency and the issue of criminal responsibility before rendering its decision.

In addition, petitioner's fraud on the court claim with respect to Sheila Love or Luther Glenn is meritless because he failed to show with respect to these two individuals that any alleged fraud was committed by an officer of *this Court*. (emphasis supplied). In order for a claim of fraud on the court to succeed, so as to permit relief from a state conviction pursuant to Fed.R. Civ. P. 60, "the fraud must have been committed by an officer of the federal habeas trial or appellate courts." *Buell v. Anderson,* 48 Fed. Appx. 491, 499 (6th Cir. 2002)(citing *Workman v. Bell*, 227 F. 3d 331, 336, 341 (6th Cir. 2000)(*en banc*)). Because neither Ms. Love nor Mr. Glenn were acting as an officer of the federal habeas court, the "fraud upon the court" exception does not apply to permit petitioner to maintain an independent action for relief from judgment. *Id.*

Petitioner is also not entitled to maintain an independent action for relief from judgment to challenge his state criminal court conviction because he failed to show that there has been a grave miscarriage of justice in his case. *Mitchell,*

6

*Bennerman v. Howes,* No. 2:06-cv-15463 651 F. 3d at 599. Petitioner has neither alleged or established his actual innocence of the crime that he was convicted. Accordingly, he cannot maintain an independent action for relief from judgment pursuant to Fed. R. Civ. P. 60(d).

**B. The motion for sanctions.**

Petitioner has filed a motion for sanctions pursuan to Fed. R. Civ. P. 11(c), based on his claim that the respondent and the Attorney General filed false or misleading or deleted evidence.

Attorneys and parties are obliged to present to the court only such "allegations and other factual contentions" as "have evidentiary support." Fed. R. Civ. P. 11(b)(3). Within the Sixth Circuit, "[t]he test for the imposition of Rule 11 sanctions is whether the litigants conduct was reasonable under the circumstances." *U.S. v. $515,060.42 in U.S. Currency*, 152 F. 3d 491, 507 (6th Cir. 1998)(citation omitted). Fraudulent behavior by a party to litigation is certainly unreasonable. *See Bout v. Bolden,* 22 F. Supp. 2d 653, 654 (E.D. Mich. 1998). However, alleged misrepresentations of fact do not warrant imposition of sanctions under Fed. R. Civ. P. 11, where the misrepresentations might have resulted from mistake or inadvertence, and the movant does not prove that the alleged misrepresentations were intentional. *See Danese v. City of Roseville*, 757 F. Supp. 827, 829, n. 2 (E.D. Mich. 1991).

*Bennerman v. Howes,* No. 2:06-cv-15463

Petitioner failed to show that the respondent provided false or misleading evidence or failed to provide the relevant evidence. Petitioner is not entitled to sanctions.

### III. ORDER

Based on the foregoing,

The motion for an independent action pursuant to Fed. R. Civ. P. 60(d)(1)(3) [Dkt. # 66] and the motion for sanctions [Dkt. # 67] are DENIED.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: December 10, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 10, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant