**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MELVIN BENNERMAN,

        Petitioner,

                              CASE NO. 2:06-CV-15463
v.                              HONORABLE ARTHUR J. TARNOW
                              UNITED STATES DISTRICT JUDGE

CAROL HOWES,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR A CERTIFICATE OF APPEALABILITY, TO TAKE JUDICIAL NOTICE OF FACTS, AND FOR RECONSIDERATION**

Melvin Bennerman, ("petitioner"), confined at the Coldwater Correctional Facility in Lakeland, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder. The Court denied the petition. *Bennerman v. Howes*, No. 2:06-CV-15463, 2010 WL 864485 (E.D. Mich. Mar. 9, 2010); *aff'd* No. 10-1489 (6th Cir. June 30, 2011).

The Court subsequently denied petitioner's motion for a Rule 60(d)(1) and (3) independent action and his motion for sanctions. *Bennerman v. Howes*, No. 2:06-CV-15463, 2015 WL 8378966 (E.D. Mich. Dec. 10, 2015).

Petitioner has filed a motion for a certificate of appealability, a motion to take judicial notice of facts, and a motion for reconsideration from the denial of these motions. For the reasons that follow, the motions are DENIED.

1

**A. The motion for a certificate of appealability is DENIED.**

Petitioner moves for a certificate of appealability.

A habeas petitioner is required to obtain a certificate of appealability in order to appeal the denial of a motion for relief from judgment brought pursuant to Fed. R. Civ. P. 60(b). *See U.S. v. Hardin,* 481 F. 3d 924, 926 (6th Cir. 2007). A certificate of appealability is also required for a habeas petitioner to appeal the denial of a Rule 60(d) motion for an independent action. *See e.g. Mitchell v. Rees,* 651 F. 3d 593, 594 (6th Cir. 2011).

In habeas cases involving a district court's denial of a Rule 60 motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See Jackson v. Crosby,* 437 F. 3d 1290, 1295 (11th Cir. 2006). In this case, petitioner is not entitled to a certificate of appealability from the denial of his Rule 60(d) motion, because he failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect.

**B. The motion to take judicial notice of facts is DENIED as moot.**

Petitioner filed a motion to take judicial notice of the fact that the Attorney General provided "bogus documents," submitted false or misleading responses,

admissions, or omissions, and supplemented the record with incomplete, inaccurate, or false documents or transcripts.  The Court already rejected petitioner's claims that the Attorney General failed to provide the entire lower court records or that any transcripts or records were incomplete or inaccurate when the Court denied petitioner's Rule 60(d) motion and the motion for sanctions.  The Court thus denies the motion for judicial notice of facts as moot. *See Moncier v. Haslam*, 570 F. App'x 553, 560 (6th Cir. 2014).

### C. The motion for reconsideration is DENIED.

Petitioner filed a motion for reconsideration from the denial of his motions.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.  A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004); *Hence v. Smith,* 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999 (*citing* L.R. 7.1(g)(3)).  A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's motion

3

for a Rule 60(d) independent action and the motion for sanctions. *See Hence v. Smith,* 49 F. Supp. 2d at 553.

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion for a certificate of appealability [Dkt. # 71], the motion to take judicial notice of facts [Dkt. # 72], and the motion for reconsideration [Dkt. # 73] are **DENIED.**

S/Arthur J. Tarnow  
HON. ARTHUR J. TARNOW  
UNITED STATES DISTRICT COURT

DATED: March 21, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 21, 2016, by electronic and/or ordinary mail.

S/Catherine A. Pickles  
Judicial Assistant
